IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR. No. C-97-250 |
| | § | |
| CHRISTOVAL GONZALEZ. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING NOTICE OF JUDICIAL COGNIZANCE**

On January 12, 2006, the Clerk received from Defendant Christoval Gonzalez ("Gonzalez") a document titled as a "Notice of Judicial Cognizance." (D.E. 185). In it, Gonzalez states that the "sole purpose" of the document is to "inform" the Court about the existence of United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 185 at 1). He acknowledges that he cannot currently bring a claim pursuant to Booker because the Fifth Circuit has not "yet ruled that Booker is retroactive."[1]

He argues, however, that the Supreme Court may in the future determine that Booker is retroactively applicable on collateral review. Thus, he states that he "merely preserves the right for future review of this issue" in the event that the United States rules that Booker is retroactive. (D.E. 185 at 2). For the reasons set forth herein, the motion is DENIED.

---

[1] In fact, the Fifth Circuit has squarely held that Booker is ***not*** retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Pursuant to Gentry, Booker does not provide a basis for relief to a defendant, such as Gonzalez, whose conviction became final before the case was decided. Gentry, 2005 WL 3317891, *6 and n.2.

**I.      ANALYSIS**

Nowhere does Gonzalez' motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for a challenge under Booker is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

Moreover, even if Gonzalez had filed his motion as a § 2255 motion, he would not be entitled to relief pursuant to Booker. As noted supra at note 1, the Fifth Circuit has squarely held that Booker does not apply retroactively on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891, at *6 (5th Cir. Dec. 8, 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Any claim based on Booker fails for this reason.

The Court recognizes that Gonzalez is not seeking direct relief now, but is simply trying to preserve his rights under Booker, in the hopes that the Supreme Court will determine that the case should be applied retroactively. He has cited to no authority,

however, and this Court has not found any, allowing a § 2255 movant to merely file a motion as a type of "placeholder" and requiring the district court to allow it to remain pending until the Supreme Court chooses to address the retroactivity of an earlier case.

The Court acknowledges that, if the Supreme Court ultimately decides Booker is retroactively applicable, defendants will have to have filed their § 2255 motions not later than January 12, 2006. Dodd v. United States, 125 S. Ct. 2478, 2482 (2005) (limitations period under § 2255 ¶ 6(3) begins to run on the date on which the Supreme Court initially recognizes the right asserted). January 12, 2006 has now passed and the Supreme Court has not yet ruled on the issue. Cf. Dodd, 125 S. Ct. at 2483 (calling it a "rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year").

Thus, assuming the rule set forth in Dodd remains unchanged and Congress does not intervene, Gonzalez will be unable to obtain relief under Booker, even if the Supreme Court eventually determines the case should be applied retroactively on collateral review. This harsh result, however, is merely a consequence of a statute that Congress has enacted and that the Supreme Court is "not free to rewrite." See id. Furthermore, this harsh result does not give this Court license to ignore binding authority. As the law stands now, Gonzalez is not entitled to relief under Booker, and this Court must apply the law. See Gentry, supra.

3

**II.     CONCLUSION**

For the foregoing reasons, Defendant's motion (D.E. 185) is DENIED.

Ordered this 24th day of January, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE